JESSE J. RAY *vs.* DIAMOND STATE STEEL COMPANY.

*Case—Personal     Injuries—Damages—Negligence—Master     and Servant—Primary  Duty  of  Master—Assumption  of  Risk— Conflicting  Testimony—Measure  of  Damages.*

1. Primary duty of the master stated.  If he fails to perform such duty and injury results from such failure alone he is liable.   And a master may not relieve himself of this duty by delegating it to a fellow-servant of the person injured.

2. An employee assumes all the ordinary risks of his employment, and such dangers as are patent, but does not assume those risks which may not be seen and known.   Where machinery is defective in the knowledge of the employee, yet if the master promises to remedy the defect and the employee, relying upon that promise, continues to use it for a reasonable time he does so at the master's risk.   Two or three days would be such reasonable time.   Notice of defects given to foreman is notice to the company and the foreman's promise to remedy the defect is the promise of the company.

3. In order that the plaintiff may recover in an action for personal injuries he must show by a preponderance of proof that they were caused by the negligence of the defendant, and of the defendant only; for if the plaintiff contributed proximately in any way to the accident, he may not recover.

4. If the plaintiff at the time of the accident was acting outside of the scope of his employment, without the order of the defendant, he cannot recover, and much less if he disregarded the warning of defendant.

5. What jury must do when testimony is conflicting.

6. Measure of damages stated.

(*June 7, 1900.*)

LORE, C. J., and PENNEWELL and BOYCE, J. J., sitting.

*Levi C. Bird* and *Andrew E. Sanborn* for plaintiff.

*Lewis C. Vandegrift* and *Charles M. Curtis* for defendant.

Superior Court, New Castle County, May Term, 1900.

ACTION ON THE CASE for damages for personal injuries (No. 111, September Term, 1899).

The facts sufficiently appear in the charge of the Court.

LORE, C. J., charging the jury: .

Gentlemen of the jury:—In this action, Jesse J. Ray, an infant, by Harry Schuler, his next friend, the plaintiff, seeks to recover damages for injuries which he claims to have sustained from the negligence of the Diamond State Steel Company, the corporation defendant.

The plaintiff claims that on the fourteenth day of July, 1899, he was in the employment of the defendant company working at their plant in this City. That by order of the company and in the line of his employment, he was helping to push a buggy or truck loaded with hot iron, from the scales upon which it had been weighed, to the place of deposit; that while so engaged in the exercise of due care on his part, the truck upset and the load of hot

iron fell upon him breaking one of his legs, burning his flesh and otherwise injuring him ; so that he suffered great pain and injury and is permanently disabled ; that the accident happened because both the truck, and the track on which the truck was run, were out of repair and defective, being narrow, contracted, uneven and dangerous ; of which defective condition the defendant company had actual notice and promised the plaintiff that they should be remedied ; relying upon which promise he continued to work thereon.

The defendant, on the other hand, claims that both the truck and the track were in good order. That it was not within the scope of the plaintiff's work to assist in pushing the truck. That he was not ordered to do so ; that on the contrary he was warned not to touch the truck ; that the injuries were received in work not in the line of his duties ; were the result of his own negligence for which they are not liable.

Your province is to determine, which of these two contentions is right and whose negligence caused the injury, if any negligence there was.

While there are no new questions of law raised in this case, yet it becomes the duty of the Court, under the prayers of the respective parties, to announce certain principles of law which are to govern you in reaching your verdict upon the evidence adduced.

It is not only a humane, but a primary duty of the master to provide for his employees a reasonably safe place in which to work and reasonably safe tools and appliances with which to work, and to keep them in such condition of reasonable safety. The place, tools and machinery need not be the best nor of the most improved kind ; but must be reasonably safe and adapted to the purpose for which they are to be used. If the master fails to perform this duty and injury results from such failure alone he is liable. A master may not relieve himself of his duty by delegating it to a fellow-servant of the person injured. The liability of the master remains, it matters not by whose hands this duty is performed.

While an employee assumes all the ordinary risks of his employment, and such dangers as are patent, and are seen and known or may be seen and known by the ordinary use of his senses; he does not assume those risks which may not be seen and known. Where machinery is defective in the knowledge of the employee, yet if the master promises to remedy the defect and the employee, relying upon that promise, continues to use it for a reasonable time he does so at the master's risk inasmuch as he has a right to rely upon such promise.

Notice of defects given to the foreman, having charge of that particular work and department, is notice to the company; and the promise to remedy the defect made by such foreman is the promise of the company in law.

If, therefore, the injuries complained of were received by the plaintiff while he was engaged in the line of his duties, either general or by special direction of the company, while in the exercise of due care on his part; he will be entitled to recover. He would equally be entitled to recover even though he had full knowledge of the defects, if you believe from the evidence, that John Mahoney was the foreman of that department, and work, and that the plaintiff gave him notice of the defects complained of two or three days before the accident, and the said Mahoney then promised to make repairs or remedy the defect. Relying upon such promise, two or three days would not be an unreasonable time for Ray to continue at the dangerous work without assuming any risk.

This action is based upon the negligence of the defendant. The burden is upon the plaintiff to show such negligence by a preponderance of proof. It must be the result of the negligence of the defendant only; for if the plaintiff contributed proximately in any way to the accident, he may not recover.

Should you find that the plaintiff at the time of the accident was acting outside of the scope of his employment, without the order of the defendant, he cannot recover; it matters not how defective or dangerous the machinery might have been. In such

case he voluntarily assumed the risk without order or authority, and did so at his own peril and must take the consequences. Much less is he entitled to recover, if he attempts to push the truck after being warned not to do so. In the one case he was doing something he was not authorized to do; and in the other something he was positively forbidden to do, and it either case assumed his own risk for which he cannot hold the defendant liable.

In reaching your verdict you are to be governed by the law as we have just stated it to you.

You must reconcile any conflict in the testimony if you can; but if you cannot, then your verdict should be for that side which under all the testimony you consider right. Taking into consideration among other things the character, intelligence, fairness and knowledge of the witnesses respectively, together with the reasonableness and probabilities of the case, as governed by the ordinary rule prevailing in human transactions.

If you should find for the plaintiff your verdict should be for such a reasonable sum, as will compensate him for his injuries, including therein, his loss of time and wages, his pain and suffering in the past, and such as may come to him in the future, resulting from the accident and for such permanent injuries as from the evidence you may believe will cover his pecuniary loss, from impaired ability to earn a living in the future.

If you should find for the defendant, your verdict should be simply for the defendant.

Verdict for defendant.